IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. C-05-80253 misc JSW (EDL) |
| Plaintiff, | **ORDER DENYING MOTION TO STAY DISCOVERY ORDER PENDING APPEAL** |
| v. | |
| AMERIDEBT, INC., et al., | |
| Defendants. / | |

## I. INTRODUCTION

On January 31, 2006, this Court denied third party Peter Baker's Motion to Quash and ordered him to give permission to Google, Inc. to produce emails from one of Mr. Baker's accounts. Baker gave his permission to Google, but he immediately filed an objection to the Court's order with the district court, a motion to stay the order pending appeal, and a notice of appeal with the Ninth Circuit. For the reasons set forth below, the Court DENIES Baker's motion to stay. The Court will not restate the facts of this case, as these were fully discussed in the January 31, 2006 Order.

## II. DISCUSSION

A. Standards for Obtaining a Stay Pending Appeal.

Although Baker filed a notice of appeal, this Court retains jurisdiction under Federal Rule of Appellate Procedure 8 to stay its own order pending appeal. In order to prevail on his Motion to Stay, Baker must show that (1) he is likely to succeed on the merits of the appeal; (2) he will suffer irreparable injury in the absence of a stay; (3) the Receiver will not suffer substantial harm if a stay is imposed; and (4) the stay will not harm the public interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

1        B.      Baker Has Not Met His Burden of Showing That a Stay is Appropriate.

2                1.      Baker has not established probability of success on the merits.

Baker contends that he may succeed on appeal for three reasons. Citing Federal Rule of Civil Procedure 45, Baker first argues that the Court was required to quash the subpoena because it requested privileged information. Rule 45, however, allows courts to quash *or modify* a subpoena. At the hearing, the Court modified the subpoena to allow Baker to withhold privileged documents and instead produce a privilege log.

Second, Baker argues that the subpoena should have been quashed because it sought private and confidential information. Motion to Stay at 8. In briefing his Motion to Quash the subpoena, Baker had conclusorily asserted that "[t]he subpoena requires disclosure of private and confidential information of Mr. Baker" (Motion to Quash at 2, 5) and of "personal financial information" (Reply ISO Motion to Quash at 4), but he failed to provide any evidence to support this contention. Despite this lack of evidence, during the hearing, the Court modified the subpoena to limit its scope to the peterbelieze@gmail.com account advertised as the contact address for Baker's business, rather than to all gmail accounts used by Baker. Now, Baker belatedly attempts to support his privacy assertion with a vague declaration. See Motion for Stay at 17 (Baker Decl.) ¶¶ 4-5 (without specifying whether he is referring solely to the one email account that is subject to this Court's Order, he states: "I estimate that since January 1, 2003, I have received and sent thousands, if not tens of thousands, of personal, private emails which have nothing whatsoever to do with the case in which the subpoena originated"). He argues that being forced to pay his attorneys to screen these documents and to create a privilege log would "necessarily involve an exorbitant amount of attorney time resulting in the incurrence of thousands of dollars of attorneys' fees for which Mr. Baker will not be reimbursed." Id. at 8. Baker's attorneys do not substantiate this "estimation" of costs with a declaration. Importantly, Baker never even made this cost argument in his briefs or oral argument in support of his Motion to Quash, when he only cursorily argued that his email account contained some private information, but never that the amount was voluminous. Because he did not raise this issue on his Motion to Quash, he waived it on appeal. See Bolker v. Comm'r of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir. 1985) (explaining that, subject to three exceptions, "[a]s a general

2

rule, we will not consider an issue raised for the first time on appeal"). Furthermore, the Court is skeptical that the volume is as great as his "estimate," and notes that the email could likely be screened efficiently through the use of electronic search terms that the parties agreed upon.

Third, Baker reiterates the argument that formed the core of his Motion to Quash the subpoena to Google, that the Receiver had not provided any "admissible evidence" that he was related to Pukke or the Maryland Receivership action. The Court already decided that the Receiver had provided evidence sufficient to justify the issuance of the subpoena to Google. In this new motion, Baker does not provide any additional information, and he still conspicuously fails to deny that he is connected to Pukke or to the entities the Receiver has identified as being associated with Pukke.

Baker therefore has not established any likelihood of prevailing on appeal.

2. Baker has not established that he will suffer irreparable injury.

Baker argues that he will be irreparably harmed if the Order is not stayed because he will incur thousands of dollars as his attorneys review the documents and produce a privilege log. Litigation costs, however, normally are not a sufficient injury to support injunctive relief. See Briggs & Stratton Corp. v. Local 232, Int'l Union, 36 F.3d 712, 714 (7th Cir. 1994) ("It, after all, is established that the costs of litigation are not 'irreparable injury'")). On the contrary, they are quantifiable and, if appropriate, can be remedied by cost-shifting. Thus, Baker has not established that he will suffer irreparable injury.

3. Baker has not established that the balance of hardships tips in his favor.

Baker contends that absent a stay, he will be forced to incur thousands of dollars in attorneys' fees which will not be reimbursed, while no hardship will fall to the Receiver if the action is stayed because Google has no intention of destroying the documents. In response, the Receiver encourages Baker to submit a request for reimbursement of his expenses in making the production, while reserving the right to oppose the request. The Receiver also asserts that delay in getting the documents prevents it from tracking down potential Receivership assets and notes that "[w]henever a creditor seeks to collect, delay imperils the creditor's collection chances." Opp'n at 7. As a third party, Baker should not have to incur enormous fees to comply with a subpoena. However, Baker

1 has not established what his fees will be, much less introduced any evidence that the fees would be
2 large. Baker has not described how voluminous the Google production actually is, how many
3 documents are non-responsive, how many documents are privileged, and how many hours his
4 attorneys estimate that reviewing the documents and creating the privilege log would take. Without
5 any objective facts, the Court cannot infer that the production would be burdensome or whether a
6 cost-shifting arrangement would be fair.

       4. Baker has not established that the stay is in the public interest.

Baker argues that his case raises "serious legal questions" of public interest: (1) the propriety of ordering a nonparty to disclose private and confidential matters; and (2) the extent of the burden and expense a court can order a third party to undertake in complying with a subpoena. Because the Court allowed Baker to withhold "private and confidential matters" as long as he submitted a privilege log, and that he never submitted any evidence at the Motion to Quash stage to support his assertion that private and confidential documents existed in that email account, the first argument is baseless. Baker's second argument may have merit, but once again, Baker did not establish during the Motion to Quash that compliance would be burdensome.

Conversely, the Receiver argues that the stay would harm the public interest. <u>United States v. Interstate Tool & Eng'g Corp.</u>, 1975 WL 565 (E.D. Wis. Apr. 18, 1975) is not exactly on point because it concerns tax fraud, and thus involves the public interest in a more general manner than the present case, which concerns a group of defrauded consumers rather than the public at large. However, Baker's case does involve the public interest because of the need to remedy the harm to the fraud victims, and because Pukke is allegedly concealing and dissipating assets that are the subject of a Maryland district court order, and Baker is allegedly aiding and abetting in the dissipation.

## III. CONCLUSION

For the reasons stated above, the Court denies Baker's Motion to Stay. Within five court days of this Order, Baker shall immediately turn over all documents to the Receiver, withholding only those documents that are shielded from discovery by the attorney-client privilege, or those which are truly protected by a legitimate privacy interest (i.e., an e-mail containing irrelevant, purely

4

personal information that is in no way connected to Pukke, Dolphin Development or Sanctuary Bay Estates). Within ten court days of this Order, Baker shall provide a privilege log to the Receiver, identifying each document withheld on privilege or privacy grounds.

**IT IS SO ORDERED.**

Dated: March 13, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge