IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERIDEBT, INC.,<br><br>  Defendant.<br>_____/ | No. C-05-080253 Misc. JSW (EDL)<br><br>**ORDER GRANTING EX PARTE APPLICATION TO HEAR MOTION ON SHORTENED TIME AND SETTING BRIEFING SCHEDULE** |

On January 31, 2006, this Court ordered third party Peter Baker to produce electronic mail messages to the Receiver in this action. Mr. Baker argues that in the production he made pursuant to this Order, he inadvertently included all the emails he had determined were privileged and/or private and which he had included on a privilege log. On August 22, 2006, Mr. Baker applied *ex parte* for an order shortening time on his motion for protective order to prevent the Receiver from using the inadvertently produced emails.

According to Mr. Baker's moving papers, the relevant facts are as follows:

- On May 1, 2006, Mr. Baker inadvertently produced emails which he contends are private and/or privileged.
- On June 1, 2006, the Receiver informed Mr. Baker that some of the emails he produced appeared to be listed on his privilege log.
- On June 23, 2006, Mr. Baker informed the Receiver that some of the emails were inadvertently produced.
- On June 26 and June 29, 2006, the Receiver informed Mr. Baker that it was refusing the recognize his privacy and privilege claims.

- On July 10, 2006, the Receiver returned the disks containing Mr. Baker's email production to Mr. Baker, retaining copies of all documents except for attorney client communications between Mr. Baker and his attorneys. That same day, the Receiver attached one of the emails that appeared on Mr. Baker's privilege log to the Receiver's motion to quash a subpoena. This filing was made under seal in Maryland District Court.

- On July 19, 2006, the Receiver informed Mr. Baker that unless he moved for a protective order within fourteen days, the Receiver would assume Mr. Baker had waived any privilege or privacy claims as to the inadvertently produced emails.

- On August 3, 2006, one day after the fourteen day deadline, Mr. Baker retained new counsel. Mr. Baker and the Receiver engaged in further meet and confer, but neither party modified its position regarding the validity and/or waiver of Mr. Baker's privilege and/or privacy claims.

- On August 17, 2006, the Receiver once again reiterated that it believed that Mr. Baker had waived any right to argue that the inadvertently produced documents should be returned on privilege or privacy grounds and explicitly told Mr. Baker that the receiver would not refrain from reviewing or using the documents, and would in fact use some of the documents in a motion for contempt which the receiver planned to file before the end of August.

- On August 22, 2006 – almost four months after the emails were inadvertently produced, and almost three months after first learning of his mistake – Mr. Baker applied ex parte for an order shortening time to move for a protective order.

Although the emergency requiring an ex parte application to shorten time is due entirely to Mr. Baker's own complacency, because the Receiver does not oppose it, the Court grants the ex parte

//
//
//
//

2

application. The motion for protective order shall be heard on September 12, 2006. The Receiver's opposition is due on or before August 30, 2006. No reply shall be filed.

**IT IS SO ORDERED.**

Dated: August 25, 2006

                                                                        *Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge